IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN FIAL,

        Plaintiff,

v.

NANCY COZINE, in her official capacity as State Court Administrator of Oregon; DAN RAYFIELD, in his official capacity as Attorney General of Oregon; and KATE COOPER RICHARDSON,[1] in her official capacity as Division Administrator of the Division of Child Support, Oregon Department of Justice,

        Defendants.

Case No. 3:25-cv-01498-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge:

        Defendants Nancy Cozine, Dan Rayfield, and Kate Cooper Richardson/Dawn Marquardt move to dismiss pro se plaintiff John Fial's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Plaintiff also moves to seal or further redact certain publicly available documents. For the reasons stated below, defendants' motion should be granted, and plaintiff's motion should be denied.

---

[1] "Dawn Marquardt was named as Acting Director of the Division of Child Support beginning October 20, 2025, and therefore is automatically substituted as a party for her predecessor, who was sued only in her official capacity." Defs.' Mot. Dismiss 1 n.1 (doc. 31) (citation and internal quotations omitted).

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

This is one of five lawsuits plaintiff has filed is this District challenging the constitutionality of Oregon domestic relations statutes.[2] *See Fial v. Oregon*, Case No. 3:25-cv-02157-IM (challenging Or. Rev. Stat. § 107.169(3); dismissed August 21, 2025); *Fial v. Oregon, et. al.*, Case No. 3:25-cv-00624-IM (challenging Or. Rev. Stat. §§ 107.097(3), 107.139(1), and 107.718(1); dismissed August 21, 2025); *Fial v. Cozine, et al.*, Case No. 3:25-cv-01474-IM (challenging Or. Rev. Stat. § 107.169(3); dismissed November 12, 2025); *Fial v. Flynn, et al.*, Case No. 3:25-cv-01496-YY (motion to dismiss currently pending).

Via this action, plaintiff challenges the constitutionality of Or. Rev. Stat. § 107.105(1)(f), which states, in relevant part: "Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment [for] the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances . . . there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held." Or. Rev. Stat. § 107.105(1)(f).

"[T]he legislative intent underlying ORS 107.105(1)(f) is the formulation of a property division at dissolution that is just and proper in all the circumstances." *In re Marriage of Kunze,* 337 Or. 122, 132, 92 P.3d 100 (2004) (citation and internal quotations omitted). Although the statute "grants the court wide discretion to determine what constitutes a 'just and proper' division of property in light of the individual circumstances of the parties, [it] recites a number of specific considerations that the court must apply in making that determination." *Id.* "[E]quitable

---

[2] Plaintiff has also filed a sixth case related to his ejection from the campus of his minor child's private school due, in part, to his ex-wife's employment there. *See Fial v. Childpeace Montessori*, Case No. 3:25-cv-00696-JR.

considerations . . . along with the statutory factors, guide the court in achieving its task under that statute." *Id.*

Plaintiff alleges that, "by empowering courts to confiscate one person's pre-existing property and award it to another private party without consent," Or. Rev. Stat. § 107.105(1)(f) violates "fundamental principles of property rights deeply rooted in our Nation's history" – namely, "the protection of private property rights [as] a core purpose of government" – as well as the Fourteenth Amendment. *See generally* Compl. (doc. 1). As relief, plaintiff seeks a judgment declaring Or. Rev. Stat. § 107.105(1)(f) unconstitutional, injunctive relief prohibiting defendants from enforcing this statute (including in relation to "any existing divorce decree"), and compensatory damages (specifically, "the value of the property Plaintiff was deprived of by the divorce judgment's division of his premarital assets" – i.e., his "cryptocurrency" – and the attorney fees and costs he "expended in the state court litigation to attempt to protect his property rights").[3] *Id.* at 43-46.

## STANDARD OF REVIEW

Where the court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject matter jurisdiction of the court bears the burden of establishing that such jurisdiction exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The court may hear evidence regarding subject matter jurisdiction and resolve factual disputes where necessary. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

---

[3] Plaintiff now expresses an intent to "withdraw [and] waive . . . any claim for damages against these official-capacity defendants and consents to dismissal with prejudice of all damages claims." Pl.'s Resp. to Mot. Dismiss 17-18 (doc. 27). Separately, plaintiff filed a sur-reply without first obtaining leave of the Court in accordance with LR 7-1(e)(3). The Court has nonetheless considered this document in resolving defendants' motion.

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680–81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.,* Haines v. Kerner, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se plaintiff's claims may nonetheless be dismissed with prejudice where it appears beyond doubt the plaintiff can prove no set of facts that would entitle him or her to relief. Barrett v. Belleque, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

## DISCUSSION

Defendants contend this case should be dismissed with prejudice on two independent grounds: "Eleventh Amendment sovereign immunity and lack of Article III standing." Defs.' Mot. Dismiss 1 (doc. 24). Defendants additionally argue that the complaint suffers from myriad pleadings defects.

Plaintiff, in turn, seeks to "restrict or seal the [state court marriage] dissolution judgment [on record as a result of defendant' unopposed request for judicial notice]" and file a substitute

version "that omits [his] residential street address and, where feasible, his personal telephone number and personal email address." Pl.'s Mot. Seal 3-4 (doc. 26).

As a preliminary matter, plaintiff has not articulated any specific facts demonstrating privacy concerns about his address, phone number, or email being included in this Court's record. Indeed, "an unredacted version of his divorce judgment is available in the Oregon state court electronic case management system as a public record." Defs.' Resp. to Mot. Seal 4 (doc. 31); *see also* Fed. R. Civ. P. 5.2(b)(3) ("exemptions from the redaction requirement" include "the official record of a state-court proceedings"). Likewise, an identical version of plaintiff's state court marriage dissolution judgment is publicly available through at least two of the other lawsuits he has filed in this District. *See, e.g.*, *Fial v. Oregon*, Case No. 3:25-cv-02157-IM (doc. 8-1); *Fial v. Cozine, et al.*, Case No. 3:25-cv-01474-IM (doc. 18). In fact, Judge Immergut took judicial notice of this precise document in its current form. *Fial v. Cozine, et al.*, Case No. 3:25-cv-01474-IM (doc. 18). And still other lawsuits from this District include publicly available documents (that plaintiff lodged) detailing his home address, phone number, and email. *See, e.g.*, *Fial v. Childpeace Montessori*, Case No. 3:25-cv-00696-JR (doc. 18). Given these facts, plaintiff has not demonstrated a viable basis to seal or further redact this document. Plaintiff's motion to seal is denied.

I.     **Eleventh Amendment Immunity**

"States are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). Critically, the State of Oregon has not waived its immunity to suits brought under § 1983. *McCall v. Oregon*, 2013 WL 6196966, at *8 (D. Or. Nov. 27, 2013).

Page 5 – FINDINGS AND RECOMMENDATION

*Ex parte Young* provides a limited exception to the Eleventh Amendment. *See generally Ex parte Young*, 209 U.S. 123 (1908). The exception "allows citizens to sue state officers in their official capacities for prospective declaratory or injunctive relief . . . for their alleged violations of federal law." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (quoting *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012)) (internal quotations omitted). *Ex parte Young*, however, applies to individual state officials only when the official "ha[s] some connection with the enforcement of the act." *Id.* at 943. Further, the connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (citing *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).

Plaintiff has already been notified on two occasions that Rayfield "lack[s] sufficient enforcement authority over [Oregon's domestic relations provisions] to fall within the *Ex parte Young* exception." *Fial v. Oregon, et. al.*, Case No. 3:25-cv-00624-IM (doc. 19); *Fial v. Oregon*, Case No. 3:25-cv-02157-IM (doc. 27). Similarly, Judge Immergut held that "Cozine's duties concern how the Oregon judiciary operates – not what statutes judges rely upon" in relation to a divorce decree or judgment. *Fial v. Cozine, et al.*, Case No. 3:25-cv-01474-IM (doc. 18).

The remaining defendant – i.e., Marquardt, the acting Direction of the Division of Child Support – also does not have the requisite enforcement connection to Or. Rev. Stat. § 107.105(1)(f) to satisfy the *Ex parte Young* exception. The Division of Child Support "is responsible for administering the Child Support Program, a federally authorized and funded program." Defs.' Mot. Dismiss 8 (doc. 24) (citing Or. Rev. Stat. § 180.345(1), 42 U.S.C. § 654). As such, the Division of Child Support may "[p]rovide billing, receipting, record keeping, accounting and distribution

Page 6 – FINDINGS AND RECOMMENDATION

services for child and spousal support cases that receive services required under state and federal law," "[m]aintain the state plan required under federal law," promulgate rules for its operation, and perform other duties as necessary to administer the program. Or. Rev. Stat. § 180.345(2). And its enforcement authority is limited to child support, and, in some cases, spousal support. *See* 42 U.S.C. § 654(4)(A)-(B) (requiring states to provide services relating to establishing paternity and child support, and to "enforce any support obligation established with respect to" a child receiving services under the state plan or the custodial parent of the child).

Stated differently, nothing in federal or state law provides the Division of Child Support with the authority to enforce property awards in divorce judgments. Nor does plaintiff allege that the Division of Child Support that Marquardt enforced, or could have enforced, oversaw any property division under Or. Rev. Stat. § 107.105(1)(f) against him. *See* Pl.'s Resp. to Mot. Dismiss 13 (doc. 27) (acknowledging that "the head of [the Division of Child Support] possibly [does] not [enforce] property awards" in divorces). In sum, *Ex parte Young* does not apply, such that defendants are immune from suit and this Court lacks subject-matter jurisdiction.

## II.    Standing

Standing is a threshold jurisdictional question in every case invoking federal jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975). The "irreducible constitutional minimum" of Article III standing requires the party invoking the court's jurisdiction to demonstrate they suffered an "injury in fact" that is concrete and particularized, "fairly traceable to the challenged action of the defendant," and "likely [to] be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (citations and internal quotations omitted).

To be traceable, the plaintiff's injury cannot be "the result of an independent action of some third party" not named as a defendant. *Id.* Concerning the final element, the plaintiff must "show

a substantial likelihood that the relief sought would redress the injury" or "adduce [facts evincing] the defendant or a third party are nonetheless likely to provide redress as a result of the decision," *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (citation omitted).

Plaintiff alleges the following injury due to Or. Rev. Stat. § 107.105(1)(f) as the basis of standing: "loss of property to his ex-spouse." Compl. ¶ 27 (doc. 1). This injury therefore emanates from the state court's marriage dissolution judgment, which required plaintiff to transfer "half the cryptocurrency" acquired "during the marriage" to his ex-wife. *Id.* at ¶ 45; Defs.' Req. Judicial Notice Ex. 1, at 5-6, 16 (doc. 15). The asset division determination is not traceable to defendants' administrative duties and instead is "the result of the independent action of a third party, the state court judge." *Fial v. Cozine, et al.*, Case No. 3:25-cv-01474-IM (doc. 18) (internal citations, brackets, and quotations omitted).

Furthermore, plaintiff "seeks [only] prospective, non-adjudicative administrative relief" – i.e., the "striking down [of] ORS 107.105(1)(f)" – which would not affect the current division of marital property. Pl.'s Resp. to Mot. Dismiss 3, 9 (doc. 27). As a result, plaintiff's injury is also not redressable by this Court. *See* Defs.' Reply to Mot. Dismiss 5 (doc. 33) (plaintiff's "past injury [is not] redressable through prospective relief from Defendants, who have no role in applying the challenged statute to divorce proceedings, let alone the authority to retroactively change Plaintiff's divorce judgment to reverse the property award [and he has otherwise] not alleged a particularized injury that is any different from any other Oregonian who may in the future go through a divorce"). For this additional reason, plaintiff lacks standing to bring this lawsuit and defendants' motion is granted.

### III.  Dismissal With or Without Prejudice

Dismissal without leave to amend is appropriate where "amend[ment] would be futile because the plaintiffs cannot state a plausible basis for relief." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Futility exists where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citations omitted).

Here, there are no additional allegations or defendants that would resolve the jurisdictional issues with this case. For instance, if plaintiff named the judge who presided over his divorce proceeding, that suit would be barred by judicial immunity.[4] And any other defendant would suffer the same shortcomings as those already named insofar as plaintiff's "facial challenge" in fact appears to be a suit against the state (which the Eleventh Amendment prohibits). *Cf. Fial v. Oregon*, Case No. 3:25-cv-02157-IM (doc. 27) ("*Ex parte Young* generally does not allow for courts to issue injunctive relief directly against state courts or judges. Plaintiff's remedy may, therefore, be to appeal the custody determination to the Oregon Court of Appeals, rather than seek review in federal court").

Further, as discussed in Section II, plaintiff's alleged injury derives from how Oregon's domestic relations laws were applied to allocate property during his divorce proceedings. But, as plaintiff has already been informed, "[t]he *Rooker-Feldman* doctrine bars this Court from providing relief from that state court judgment." *Fial v. Cozine, et al.*, Case No. 3:25-cv-01474-IM (doc. 18). Dismissal without leave to amend is therefore appropriate. *See, e.g.*, *id*.

---

[4] Via his response, plaintiff seeks leave to amend to "add the Chief Justice (administrative capacity) [and] drop both the Attorney General and the [Division of Child Support] official." Pl.'s Resp. to Mot. Dismiss 17 (doc. 27); *but see Fial v. Childpeace Montessori*, Case No. 3:25-cv-00696-JR (doc. 21) (explaining that, "to the extent plaintiff seeks amendment via his response brief, that request is procedurally improper" (citing LR 7-1(b); LR 15-1)).

## RECOMMENDATION

For the foregoing reasons, defendants' Motion to Dismiss (doc. 24) should be granted, plaintiff's Motion to Seal (doc. 26) should be denied, and judgment should be prepared dismissing this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgement or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of the party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of the fact in an order or judgement entered pursuant to this recommendation.

DATED this 15th day of December, 2025.

        /s/ Jolie A. Russo
        Jolie A. Russo
        United States Magistrate Judge